IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE ANGEL TORRES-GUARDADO,<br><br>Defendant. | CR 07–22–BLG–SPW<br><br>ORDER |

On December 28, 2023, Defendant Jose Angel Torres-Guardado filed a pro se motion under 18 U.S.C. § 3582(c)(1)(A) seeking to reduce his 327-month federal drug sentence.[1] (Doc. 112; *see* Doc. 48 (Judg.).) Torres-Guardado's projected release date is January 29, 2030. *See* Inmate Locator, http://www.bop.gov/ inmateloc (accessed May 29, 2024). On December 29, 2023, counsel was appointed to represent Torres-Guardado. (Docs. 113, 114.) Appointed counsel filed an amended motion on March 28, 2024. (Doc. 119.) The government opposes. (Doc. 123.) For the reasons stated below, Torres-Guardado's motion is denied.

---

[1] This is Torres-Guardado's second motion for compassionate release. His first was premised on COVID-19 and denied on procedural grounds. (Doc. 106.)

1

ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Here, Torres-Guardado argues that he has shown extraordinary and compelling reasons for early release on the ground that if he were sentenced today, he would not qualify as a career offender. While he is likely correct as to his career offender designation, Torres-Guardado's argument is not consistent with the Commission's policy statement precluding reliance on changes in the law based on nonretroactive Guideline amendments. His motion is therefore denied.

I.      **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here,

Torres-Guardado submitted a request to the warden of his facility on November 21, 2023. (Doc. 112-1.) There is no indication from the record that the warden responded. (*But see* Doc. 112 at 3 (Torres-Guardado indicating his request was denied on December 15, 2023).) Torres-Guardado has therefore exhausted the administrative remedies as required by statute.

## II.  Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Guidelines include policy statements outlining specific requirements. *See* USSG §1B1.13. Relevant here,

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG §1B1.13(b)(6). Consistently, to meet the requirements of §1B1.13(b)(6), Torres-Guardado must show that he (1) was originally given an "unusually long sentence"; (2) has served at least ten years in prison; and (3) was subject to a change in sentencing law that means he is now serving a grossly disparate sentence. (2) is undisputed, as Torres-Guardado has served over 16 years in custody. (*See* Doc. 48 (Judg.).) Accordingly, the analysis below focuses on the

3

comparative length of Torres-Guardado's sentence and the change in the career offender law.

Torres-Guardado was convicted of one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, (*see* Docs. 7, 48), and ultimately found responsible for 990.8 grams of methamphetamine, (*see* PSR ¶¶ 13, 18). Under USSG §2D.1.1 (2006), that amount of methamphetamine corresponded to a base offense level of 32. (PSR ¶ 18.) But, at the time of his sentencing in 2007, Torres-Guardado was not sentenced under §2D1.1; rather, Torres-Guardado was designated a career offender under §4B1.1 based on two previous convictions: a 1993 California robbery conviction, (PSR ¶ 30), and a 1999 Colorado attempted assault conviction, (PSR ¶ 31). (*See* PSR ¶ 26.) Accordingly, with a criminal history category VI, (PSR ¶¶ 40, 41), and a total offense level of 34, (PSR ¶ 27), Torres-Guardado's advisory Guideline range was 262 to 327 months, (PSR ¶ 63). He ultimately received a sentence of 327 months. (*See* Doc. 48 at 2.)

In 2007, approximately 25,000 defendants were sentenced under §2D1.1, U.S. Sentencing Commission, *2007 Sourcebook*, Table 17, and the average prison sentence for methamphetamine offenders was 100.9 months (median of 84 months), *id.* at Figure J. Even though career offenders were generally sentenced to longer terms of incarceration, the average sentence was still only 183 months. *See*

*Report to the Congress: Career Offender Sentencing Enhancements*, at 23 (August 2016).  Thus, at the time of sentencing, Torres-Guardado's sentence was almost 19 years longer than most methamphetamine sentences and almost 12 years longer than the average career offender sentence.  And, if he had not been designated a career offender, Torres-Guardado's advisory Guideline range under §2D1.1 would have been 151 to 188 months.  He has therefore shown that his original sentence was "unusually long."

Torres-Guardado next argues that the sentence he received is grossly disparate from one he would receive today because his California robbery conviction no longer qualifies as a crime of violence under the Career Offender Guideline, §4B1.2.  In response, the government contends that because Torres-Guardado's argument is premised on Guideline amendments that are not retroactive, it does not fall within §1B1.13(b)(6).  Indeed, §1B1.13(b)(6) requires the "change in law" be something "other than an amendment to the Guidelines Manual that has not been made retroactive."  Here, Torres-Guardado persuasively argues that the Career Offender Guideline has undergone significant changes in the wake of *Johnson v. United States*, which held that the Armed Career Criminal Act's "residual clause" definition of "crime of violence" violated due process.  *See* 576 U.S. 591 (2015).  However, the Supreme Court subsequently rejected a similar constitutional challenge to the Career Offender Guidelines.  *See Beckles v. United*

*States*, 580 U.S. 256, 267 (2017) ("[T]he advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause and . . . §4B1.2(a)'s residual clause is not void for vagueness."). Thus, as argued by the government, any subsequent changes to how the Career Offender Guidelines apply here are the result of amendments to those Guidelines, not constitutional infirmity. And, of dispositive importance here, those amendments are not retroactive. *See United States v. Bankston*, 901 F.3d 1100, 1104 (9th Cir. 2018) (holding that while a robbery conviction under California Penal Code § 211 is no longer a crime of violence under §4B1.2 as amended in 2016, that amendment was not retroactive); Amend. 822, United States Sentencing Guidelines (eff. Nov. 1, 2023) (altering the definition of "robbery" to match the Hobbes Act). Thus, even if Torres-Guardado would not be a career offender if sentenced today, the explicit terms of §1B1.13(b)(6) have not been met: "a change in law . . . *other than an amendment to the Guidelines Manual that has not been made retroactive.*" (Emphasis added).[2] Accordingly, the Court need not consider the § 3553(a) factors. *See Keller*, 2 F.4th at 1284 ("[A] district court that properly *denies* compassionate release need not evaluate each step.").

---

[2] Note that such a change can be considered in "determining the extent of a[] . . . reduction" under 18 U.S.C. § 3582(c)(1)(A) so long as "a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction [§1B1.13]." §1B1.13(c).

6

## CONCLUSION

IT IS ORDERED that Torres-Guardado's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 112, 119) is DENIED.

DATED this 3rd day of June, 2024.

Susan P. Watters, District Judge
United States District Court